LESSIE McNEIL v. PILOT LIFE INSURANCE COMPANY

No. 738DC516

(Filed 12 September 1973)

**1. Insurance §§ 51, 67— accidental death — proof of death within 90 days — sufficiency**

In an action to recover benefits under the accidental death provisions of an insurance policy issued by defendant, the trial court erred in directing verdict for defendant on the ground that plaintiff failed to prove that the death of insured occurred within 90 days of the accident causing death where plaintiff offered into evidence the death certificate of the insured, showing that the immediate cause of death was "Pistol Shot in Head," and that the "interval between onset and death was approximately 2½ hours."

**2. Insurance § 46— death from pistol shot — presumption of death by accident**

Where there is proof that the death of insured occurred by unexplained external and violent means and under circumstances not wholly inconsistent with an assumption of accidental means, the presumption arises that the means were accidental; therefore, where plaintiff's evidence tended to show that death of insured was caused by an unexplained pistol shot in the head, plaintiff's evidence made out a prima facie case of death by accidental means, and the trial judge erred in directing verdict for defendant insurer.

**3. Insurance §§ 66, 67— failure to give notice and proof of loss — waiver by insurer**

Failure to give notice or furnish proof of loss within the time provided by the contract of insurance is waived by a denial of liability, within such time, on other grounds, since to require notice under such circumstances would require the doing of a vain thing; therefore, proof by plaintiff that notice of insured's death had been given defendant within 90 days was not required where defendant denied liability on the ground that deceased was killed by an intentional act rather than by accident.

Appeal by plaintiff from *Wooten, District Court Judge,* 14 February 1973 Session of District Court held in Wayne County.

Plaintiff seeks to collect $5,000 as designated beneficiary under the accidental death provisions of an insurance policy issued by defendant to James Jack McNeil, the insured.

The policy in question was issued on or about 6 April 1959. The insured died on 10 August 1970 as a result of a pistol shot in the head. At the time of his death, the death benefit of the policy was $5,000. Plaintiff is the surviving spouse of the insured and the named beneficiary of the policy in question.

McNeil v. Insurance Co.

The policy covered the life of the insured in instances where death was caused "solely as a direct result, and independent of all other causes, of accidental bodily injury." The policy specifically excepts coverage for any loss caused or contributed to by "an intentional act of any person."

Plaintiff offered into evidence the policy, the death certificate of the insured, admissions in defendant's answer, and answers to plaintiff's interrogatories. The death certificate stated that the immediate cause of death was by a pistol shot in the head; that an autopsy was performed, and that death was the result of an act of homicide. At the conclusion of plaintiff's evidence, defendant moved for a directed verdict on grounds that plaintiff had failed to prove that the death of the insured arose solely as a direct result of accidental bodily injury, failed to prove the giving of notice and filing of proof of claim or proof of death within required time specified by the policy, and that mere introduction of the death certificate, stating death caused by homicide, is not sufficient evidence to survive defendant's motion for a directed verdict. The motion was denied.

Defendant presented testimony of a witness present when the insured was shot. The insured was at the home of Mertie B. Shackleford at the time of the shooting. Witness said he heard one shot but did not see a firearm nor the manner in which the insured was shot. The investigating police officer testified to finding the insured in the Shackelford home, a wound in the head of the insured, a .22 caliber pistol in the home, and observing the removal of two bullets from the body of the insured during an autopsy, one of which came from the head of the insured. Defendant also introduced into evidence three exhibits: (1) a transcript of a guilty plea to manslaughter, (2) an adjudication of the voluntariness of the guilty plea in that case, and (3) a judgment suspending sentence in State v. Myrtle Bee Shackleford. Defendant's exhibits also fail to show any connection with the death of the insured.

At the close of defendant's evidence, defendant renewed the motion for a directed verdict which was allowed.

*Sasser, Duke & Brown, by John E. Duke, for the plaintiff.*

*Taylor, Allen, Warren & Kerr, by James J. Edmondson and John H. Kerr III, for the defendant.*

BROCK, Chief Judge.

The trial judge granted defendant's motion for a directed verdict upon the two grounds set out by defendant, i.e., (1) that plaintiff failed to prove that the death of insured arose "solely as a direct result, and independent of all other causes, of accidental bodily injury" sustained after the effective date of the policy, and that the loss occurred within ninety days of the accident causing such loss; and (2) that plaintiff failed to prove filing of proof of loss within ninety days after the date of loss.

The insurance contract in suit provides for payment of benefits for certain scheduled losses, death being included, "if such loss occurs within ninety days after the date of the accident causing such loss." The contract further provides for notice of claim (proof of loss) as follows: "Written notice of claim must be given to the Company within twenty days after the occurrence of any loss covered by the policy, or as soon thereafter as is reasonably possible."

[1]   The trial judge was in error in directing a verdict upon the first ground asserted by defendant. To establish the death of the insured within the terms of the insurance contract, plaintiff offered in evidence the death certificate of the insured. The certificate showed the date of death of insured to be 10 August 1970, and that the immediate cause of death was "Pistol Shot in Head." It further showed that the "interval between onset and death was approximately 2½ hours."

[2]   It seems that this clearly constitutes evidence that the loss occurred within ninety days of the accident causing such loss so as to overcome defendant's motion so far as that point is concerned. Also, the greater weight of the authorities supports the rule that proof that the death of the insured occurred by unexplained external and violent means, and under circumstances not wholly inconsistent with an assumption of accidental means, the presumption arises that the means were accidental. Annot. 12 A.L.R. 2d 1264, *Barnes v. Insurance Company*, 271 N.C. 217, 155 S.E. 2d 492. The statement in the death certificate that death was the result of an act of homicide does not constitute conclusive evidence that the death was the result of an intentional act. Homicide is defined as "[t]he killing of any human creature." "The killing of one human being by an act, procurement, or omission of another." "The act of a human being taking away the life of another." Black's Law Dictionary, Fourth Edition. A homicide often is an intentional act, but it is not neces-

sarily so. An *un*intended killing of one human being by another is also a homicide.

In our view, this evidence of death (a homicide) caused by an unexplained pistol shot in the head is not wholly inconsistent with an assumption that the shot was inflicted solely by accidental means. Therefore, plaintiff's evidence made out a prima facie case of death by accidental means. Defendant's evidence that a Mertie Bee Shackleford entered a plea of guilty to manslaughter may serve to create some suspicion, but it was not tied in any way to the death of insured and therefore had no probative value.

[3] The trial judge was also in error in directing a verdict upon the second ground asserted by defendant (that plaintiff failed to prove that proof of loss was given within ninety days after the date of the accident causing such loss).

Defendant's answer does not allege a denial of payment of the claim because of plaintiff's failure to give proof of loss within the terms of the policy. Its answer admits that it has refused to pay the plaintiff any sum, and its answer to interrogatories admits that its records reflect the date of death of deceased, and that it investigated the circumstances of the death of deceased. Defendant affirmatively asserts in its answer that it is not indebted to plaintiff under the insurance contract because the death of deceased was caused or contributed to by an intentional act of Mertie Bee Shackleford. It is clear from defendant's answer that it is not concerned over a proof of loss; actual notice is admitted. The reasonable inference from the pleadings and the evidence is that proof of loss was filed in accordance with the terms of the policy. The general rule seems to be that failure to give notice or furnish proofs of loss within the time provided by the contract is waived by a denial of liability, within such time, on other grounds. The reason being that to require notice under such circumstances would require the doing of a vain thing. *Gorham v. Insurance Company,* 214 N.C. 526, 200 S.E. 5, and cases cited. From the posture of the pleadings and the evidence as shown by the record on appeal, the inference is strong that notice (proof of loss) was given to defendant within the time specified in the insurance contract and that defendant denied liability upon the grounds that deceased was killed by an intentional act. This being the situation, proof by the plaintiff that notice (proof of loss) had been given would be a vain thing because defendant denied liability upon other

grounds. The law is not disposed to require a vain thing. *Gorham v. Insurance Company, supra.*

We express no view upon plaintiff's right to recover, we are only ruling upon the propriety of a directed verdict for defendant under the circumstances presented by this record on appeal.

New trial.

Judges HEDRICK and VAUGHN concur.